The Supreme Court affirmed the ruling of the Court below on May 16, 1854, in the following opinion by
Knox, J.:
This was an action on a promissory note. The plea was payment, &e. Under this plea the defendant was entitled to show that in equity and good conscience the plaintiff could not recover. The note upon which suit was brought was given for coal. It formed part of a large transaction in which it appeared that the notes given by the defendant to the plaintiff exceeded the amount of the coal furnished in the sum of between five and six hundred dollars, and this over-payment, together with the damages for the non-performance of the contract was the defense relied upon. Whether the defendant was to be allowed a credit for a note dated in March, 1848, for the sum of one thousand dollars is the only question here presented. A few days before the one thousand dollar note became due at the request of Murphy it was exchanged for other paper, made by third persons and endorsed by Murphy. Of which one, a note against one James Moore for $507.35, which was protested, for non-payment, was produced by Eckel upon the trial.
*148 The defendant requested the Court to instruct the jury that Murphy was entitled to a credit tor the one thousand dollar note, notwithstanding the non-payment of the James Moore note. This was refused and the jury instructed that the substitution of other notes was not a payment of the one thousand dollar note, and that Murphy could not claim to be credited with more than was actually paid.
We are of the opinion that the Court of Common Pleas committed no error in negativing the defendant’s proposition. A mere exchange of one evidence of debt for another is no extinguishment of the debt itself unless it clearly appears that such was the intention of the parties.
Where there is evidence that it was so intended, it is a question of fact for the jury ; but here there was none, and the defendant has no cause or complaint, if he is allowed all he has actually paid.
To avoid any further difficulty the Court below should require Eckel to deliver to Murphy the Moore note before he is permitted to issue an execution on this judgment. When this is done and the judgment paid there is nothing left for further litigation between these parities arising from the contract of January 6, A. D., 1848.
Judgment affirmed.
Note. — This ease had previously been taken to the Supreme Court and reported in 3 Harris, 488.